IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WESLEY PERKINS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-70-RP |
| WHITNEY BREWSTER, et al., | § § § | |
| Defendants. | § | |

**ORDER**

Plaintiff Wesley Perkins ("Perkins") filed his complaint in this case on January 21, 2020. (Dkt. 1). After Perkins moved to disqualify the undersigned, (Dkt. 43), this case was transferred to the docket of the Honorable Orlando L. Garcia, Chief United States District Judge for the Western District of Texas, (Dkt. 44). Chief Judge Garcia referred Perkins's motion to Senior United States District Judge David A. Ezra, (Dkt. 47), who denied it, (Dkt. 49). Chief Judge Garcia then transferred this case to the undersigned's docket. (Dkt. 50). Having reviewed Perkins's filings so far in this case, the dockets of other cases Perkins has filed, and the relevant law, the Court dismisses Perkins's complaint with prejudice.

Perkins is proceeding pro se. This case is one of three he has filed in the Western District of Texas this year. *See Perkins v. Mischtian*, No. 1:20-CV-296-RP-ML (W.D. Tex.); *Perkins v. Lipscombe, et al.*, No. 1:20-CV-493-RP (W.D. Tex.). These cases complement the two that he previously filed in the Western District. *See Perkins v. Brewster*, No. 1:17-CV-378-LY, 2018 WL 814250, at *1 (W.D. Tex. Feb. 9, 2018), *report and recommendation adopted,* No. 1:17-CV-378-LY, 2018 WL 1898402 (W.D. Tex. Mar. 7, 2018); *Perkins v. Brewster*, No. 1:17-CV-1173-LY, 2018 WL 4323948, at *1 (W.D. Tex. Sept. 7, 2018), *subsequently aff'd sub nom. Perkins v. Ivey*, 772 F. App'x 245 (5th Cir. 2019) (per curiam). Perkins has also previously filed a habeas case, *Perkins v. Hernandez*, 1:18-CV-201-RP (W.D. Tex.), and

1

multiple cases in state court, *see Perkins v. State*, 2016 WL 4272109 (Tex. App.—Austin Aug. 11, 2016, pet. denied); *Perkins v. State*, No. 03-14-733-CR, 2016 WL 691265 (Tex. App.—Austin Feb. 19, 2016, pet. denied); *Perkins v. State*, 2015 WL 3941572 (Tex. App.—Austin June 25, 2015).

In each of these cases, Perkins has advanced similar or identical legal arguments, each of which has repeatedly been deemed not meritorious. In particular, in each of the cases he filed in 2020, he challenges the ability of a district judge to refer a dispositive motion to a magistrate judge for a report and recommendation. (*See, e.g.*, Notice, Dkt. 40; Notice, Dkt. 51). Each of his complaints stems from his arrests "for driving without a license or registration and for operating an untitled and unregistered motor vehicle," and in each case, he argues that "his vehicle was not engaged in commercial transportation, and thus was not subject to the requirements of the Texas Transportation Code." *Perkins*, 772 F. App'x at 245; (*see* Compl., Dkt. 1).

Both strains of argument are without merit. The Fifth Circuit, directly addressing Perkins's own arguments concerning referrals to magistrate, held that:

> District court judges may designate magistrate judges to "submit . . . proposed findings of fact and recommendations for the disposition" of any motion to dismiss.[2] Thus Perkins's first two arguments are directly foreclosed by law. And because his disqualification argument is founded on the mistaken belief that district judges may not delegate certain pretrial matters to magistrate judges for review and recommendation, it fails as well.

*Perkins*, 772 F. App'x at 246 (citing 28 U.S.C. § 636(b)(1)(B)) (footnote omitted); (*see also* Order, Dkt. 49). In his filings, Perkins also argues that *Roell v. Withrow*, 538 U.S. 580, 582 (2003), bars referrals under 28 U.S.C. § 636(b)(1)(B). (Notice, Dkt. 40; Notice, Dkt. 51). In *Roell*, the Supreme Court held that a court can infer, from the parties' "conduct during litigation," their consent to a magistrate judge conducting "any or all proceedings in a jury or nonjury civil matter" under 28 U.S.C. § 636(c)(1). *Roell* is inapplicable to the cases now before this Court. Perkins's arguments miss the fundamental distinction between referring all proceedings to a magistrate judge under § 636*(c)*(1), which indeed requires the parties' consent (inferred or not), and referring individual motions to a

magistrate judge for a report and recommendation under § 636*(b)*(1). The question of whether Perkins "consents" to a referral under § 636(b)(1), the provision at issue here, is immaterial.

Similarly, multiple courts have held that Perkins's Texas Transportation Code-related claims, such as those he brings in this case, are meritless. *See, e.g.*, *Perkins*, 772 F. App'x at 246–27 ("Perkins violated these laws according to their plain meaning. And his counter-argument that he is not governed by the statutes is unconvincing."); *Perkins*, 2018 WL 4323948, at *1–2 ("[T]he entire basis for each of his claims is the oft-rejected argument that he is not required to either have a driver's license or register his car because he does not consent to be bound by the Texas Transportation Code. This is blatantly incorrect."); *Perkins*, 2017 WL 814250, at *2;[1] *Perkins*, 2016 WL 4272109, at *2; *Perkins*, 2016 WL 691265 at *1–2; *Perkins*, 2015 WL 3941572, at *2–3.

Perkins is not a prisoner and is not proceeding *in forma pauperis*. The screening provisions of 28 U.S.C. §§ 1915(a) and (e) therefore do not apply here. Nevertheless, district courts have the inherent authority to screen a pleading for frivolousness and may dismiss, sua sponte, claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" because such claims lack "the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *see also Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)). This inherent power applies to complaints for which the plaintiff is not a prisoner and has paid a filing fee. *Black v. Hornsby*, No. 5:14-CV-0822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), *aff'd sub nom. Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015).

---

[1] "Leaving aside how non-sensical [the argument that Perkins did not consent to be bound by the Texas Transportation Code] is, the Court's analysis need go no further than the very first assertion: that to be regulated under the Transportation Code, one must assert 'commercial consent.' Because this assertion is incorrect (as numerous courts have told Perkins), the remaining steps in his analysis cannot stand, as they are based on a false premise."

The Fifth Circuit has recently affirmed that "[s]ome claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Indeed, "[f]ederal courts lack power to entertain these 'wholly insubstantial and frivolous' claims." *Id.* (quoting *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 343–44 (5th Cir. 1977)). "Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so clearly results from the previous decisions of [higher courts] as to foreclose the subject.'" *Id.* (quoting *Southpark Square*, 565 F.2d at 342). While here, the Court makes no jurisdictional findings, as the Fifth Circuit arguably did in *Atakapa*, the Court does find that Perkins's claims—made after repeated admonishments by multiple courts over several years that they are meritless—are insubstantial and frivolous. Perkins's choice to proceed in this manner harms both the Court and other litigants:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

*Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A 1981).

Because the Court finds that Perkins's claims are frivolous, the Court invokes its inherent authority and **ORDERS** that Perkins's complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE** as frivolous. The Court will enter final judgment in a separate order.

**IT IS FURTHER ORDERED** that Perkins is warned that filing or pursuing any further frivolous lawsuits may result in (1) the imposition of court costs under 28 U.S.C. § 1915(f); (2) the imposition of significant monetary sanctions under Fed. R. Civ. P. 11; (3) the imposition of an order barring him from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (4) the imposition of an order imposing some combination of these sanctions.

**SIGNED** on July 24, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE